Whitlock, J.
concurred, (absente Doderidge, J.)
2. The action is not shewn to have arisen within the jurisdiction of the court.

Jermyn.

The court knows that the whole island is within their jurisdiction. The stile is infra insulam, and the matter is alledged infra jurisdictionem.
Jones, J. and Whitlock, J. ut supra.
The case was: An action was brought there on a promise. Whereupon the plaintiff counted that his father; the defendant, endeavoured to prevail on him to marry such a woman, which, at his request, he did; and in consideration of it, his father promised to assure him B. acre in *182 D. and W. acre in S. necnon diversa alia tenementa proxime adjacentia terræ ef the plaintiff, which the defendant neglected to do. The plaintiff sued him in Chancery, and then verbatim shewed the bill in Chancery, and that the bill was depending there 19 Jac. and. that on such a day, 20 Jac. the defendant, in consideration that the plaintiff would surcease the suit in Chancery, promised to give him so much money, and also B. acre in D. and W. acre in S. necnon diversa alia tenementa proxime adjacentia to the land of the plaintiff; and alledged a breach in the whole. The defendant pleaded an insufficient bar, whereupon they took issue, and it was found for the plaintiff, and damages assessed, and judgment given, and now the father brought a writ of error.
3. The bill is alledged to be depending 19 Jac. and there is no averment that it was still depending 20 Jac. when the promise was made.
Jones, J. It shall be intended that the suit continued depending.
4. The damages are given for a breach of promise, and part of the promise is to assure divers customary tenements, and in that there is no certainty. It is immaterial in what will the land is, or who the adjoining ground belongs to.
Jermyn. We have pursued the words of the promise, and we could do not otherwise.
Jones, J. and Whitlock, J. e contra, for the reasons ut supra. Entire damages are given. You could have made the matter certain by an averment in the declaration, as by saying that he was seized of such lands in such a place, &c.
Jermyn. The matter is made certain by the bar.
Adjournatur. Afterwards. 3 Car. it was moved again.
Jermyn. As the land is not to be recovered in this action the certainty is not material, as in Dyer 355. Onesby’s case.
Hedley. I agree to this case. It is as quod cum indebitatus existit pro diversis mercinomis; which is well, because it is only matter of inducement. But here it is the principal scope of the promise, whereupon damages are given.
But the *court did not speak to this point.
Jermyn. As to the second exception, Eli is in the margin, which is enough.
For this and the first exception, judgment was reversed. Crew, C. J. and Jones, J. It is not necessary that inferior courts should mark on their own records, by what *183 authority they hold pleas. But it is otherwise when their records are certified here. Except in the case of a county palatine as Chester, or a court erected by Parliament. But here it is a court of particular jurisdiction. Noy 90. Godb. 380.